IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, 2727-A Allen Parkway Houston, TX 77019<br><br>    Plaintiff,<br><br>v.<br><br>STEFANO MIGLIORISI, 1673 34th Street NW Washington, DC 20007,<br><br>    Defendant. | Civil Action No. 20-cv-01776 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, American General Life Insurance Company ("American General"), by and through its attorneys, files this Complaint for Declaratory Judgment against Defendant Stefano Migliorisi, showing the Court as follows:

**THE PARTIES**

1. American General is a life insurance company organized under the laws of the State of Texas and maintains its principal place of business in Houston, Texas. American General is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, Defendant Stefano Migliorisi ("Mr. Migliorisi") is a citizen and resident of the District of Columbia and is deemed to be a citizen of the District of Columbia pursuant to 28 U.S.C. § 1332(c)(2).

**JURISDICTION AND VENUE**

3. Plaintiff and Defendant are citizens of different states, and as is more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees

1

and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391 because the defendant resides in this district.

5. American General seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## FACTUAL BACKGROUND

6. American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the District of Columbia.

7. On June 17, 2019, American General received an electronic application for a $1,000,000 life insurance policy to be issued on the life of Mr. Migliorisi.

8. In completing the application, Mr. Migliorisi responded to a series of questions seeking material information regarding, among other things, his health and medical history. In completing the application, Mr. Migliorisi knew that he was required to provide complete, accurate and honest answers to the questions presented in the application. Mr. Migliorisi knew that American General would rely upon the answers recorded on the application in determining whether to issue the Policy.

9. Part A of the application contained the following affirmation above Mr. Migliorisi's signature:

> I, the Primary Proposed Insured (and any Owner signing below) acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application:

(1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answered given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

Except as may be provided in any Limited Temporary Life Insurance Agreement ("LTLIA"), I understand and agree that, even if I paid a premium, no insurance will be in effect under this application or under any new policy or any rider(s) that may be issued by the Company unless or until all three of the following conditions are met: (1) the policy has been delivered and accepted; (2) the full first modal premium for the issued policy has been paid; and (3) there has been no change in the health of any Proposed Insured(s) that would change the answer to any question in the application before items (1) and (2) in the paragraph have occurred. I understand and agree that, if all three conditions above are not met: (1) no insurance will be in effect; and (2) the Company's liability will be limited to a refund of any premiums paid, regardless of whether the loss occurs before premiums are refunded.

10. Mr. Migliorisi also completed Part B of the application. In completing Part B, Mr. Migliorisi responded to a series of questions seeking material information regarding, among other things, his health and medical history. In completing Part B, Mr. Migliorisi knew he was required to provide complete, accurate, and honest answers to the questions contained therein. Mr. Migliorisi also knew that American General would rely upon the answers to the questions presented in Part B in determining whether to issue the Policy.

11. Part B of the application contains the following affirmation immediately above Mr. Migliorisi's signature:

I, the Proposed Insured signing below, acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about be will be considered to have been given to the Company by me unless it is stated in

3

the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within the contestable period.

12. On July 2, 2019, prior to the issuance of the Policy, American General received a Policy Acceptance and Amendment of Application form electronically signed by Mr. Migliorisi on July 1, 2019. The amendment contained the following representation:

I represent, on behalf of myself and any person who may have been proposed for insurance, that to the best of my knowledge and belief:

1. There have been no changes since the date of the application in my health or in any other condition; and

2. Neither I nor any other proposed insured has, since the date of the application:

    a. Consulted a licensed health care provider or received medical or surgical advice or treatment; or
    b. Acquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete.

13. On July 2, 2019, American General attempted to draft the premium required to place the Policy in force from the bank account indicated in the Bank Draft Authorization submitted with the Application. However, the attempt to draft the required premium was rejected by the bank.

14. On August 1, 2019, American General received a second Acceptance and Amendment of Application electronically signed by Mr. Migliorisi on August 1, 2019, which contained an identical representation as the July 2, 2019 amendment.

15. On August 2, 2019, American General received a second Bank Draft Authorization instructing the Company to draft the required premium to place the Policy in force on August 28,

2019. The premium was thereafter drafted on August 28, 2019 and Policy No. 4199623086 was endorsed to reflect a Date of Issue of August 28, 2019.

16. On March 14, 2020, American General received a claim for accelerated benefits pursuant to the Terminal Illness Accelerated Death Benefit Rider ("ABR") issued as part of the Policy. The claim requested $900,000 in accelerated benefits. The ABR provides:

> **Not Contestable After Two Years**. We will not contest an Insured Person's coverage under this rider after such coverage has been in force during such Insured Person's lifetime for two (2) years from the Rider Date of Issue or the date of last reinstatement of such Insured Person's coverage under this rider, whichever occurs last, except We may contest such Insured Person's coverage under this rider for any claim for a Qualifying Critical Illness that was Diagnosed or Certified before the end of such two-year period.

17. Because the claim was submitted within two years of the issuance of the Policy, American General conducted a standard contestability investigation into the information provided at the time of the original application for life insurance.

18. During this investigation, American General discovered that Mr. Migliorisi's representations concerning his medical history in Part B of the application were no longer true at the time the Policy was placed in force.[1]

19. Had American General's underwriters been aware of Mr. Migliorisi's true medical condition and the true facts concerning his health history and conditions, American General would not have issued the Policy.

20. On June 25, 2020, American General informed Mr. Migliorisi that based upon the material misrepresentations and omissions in the application and the failure of necessary

---

[1] Pursuant to federal privacy laws and the Rules of Civil Procedure, American General is not in a position to further elaborate on the exact nature of the material misrepresentations and omissions made to American General by Mr. Migliorisi. If required as some later time, American General will file relevant materials under seal with the Court.

conditions precedent for coverage to be in effect, the Policy was being rescinded and the Policy premiums refunded.

21. Thereafter, American General issued Mr. Migliorisi a refund check for all premiums paid for the Policy.

### COUNT I: DECLARATORY JUDGMETN BASED ON
### FAILURE OF CONDITIONS PRECEDENT

22. American General incorporates herein by reference each of the allegations contained in paragraphs 1 through 21 above.

23. Before any coverage under the Policy comes into effect, the following three things must occur: (1) the policy must be delivered and accepted, (2) the full first modal premium for the issued policy must be paid, and (3) there has been no change in the health of the proposed insured that would change the answers to any of the questions in the application.

24. Mr. Migliorisi's medical records make it clear that he had significant changes in his health, condition, treatment, and diagnosis history prior to the date the first full modal premium was paid on August 28, 2019. These events would change the answers to the questions in the application for insurance.

25. As a result, necessary conditions precedent for the Policy to take effect were not satisfied.

26. American General is therefore entitled to a judicial declaration stating that the Policy did not take effect due to the failure of necessary conditions precedent.

### COUNT II: DECLARATORY JUDGMENT BASED ON MISREPRESENTATION

27. American General incorporates herein by reference each of the allegations contained in paragraphs 1 through 26 above.

28. Additionally, by executing the Policy Acceptance and Amendment of Application form on August 1, 2019. Mr. Migliorisi made material misrepresentations and omissions concerning his health conditions by representing that there had been no changes in his health and that he had not consulted a licensed health care provider or received medical or surgical advice or treatment or otherwise acquired any knowledge or belief that the statements made in the application were then inaccurate or incomplete.

29. American General would not have in good faith issued the Policy had Mr. Migliorisi's true medical conditions been disclosed. American General was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability.

30. As a result of Mr. Migliorisi's misrepresentations, the Policy was void *ab initio* and American General is entitled to rescind the Policy.

31. In the alternative, therefore, American General is entitled to a judicial declaration stating that: (a) the Policy did not take effect due to the misrepresentations on the application and/or (b) that the Policy was void *ab initio* as a result of the misrepresentations.

**RELIEF REQUESTED**

WHEREFORE, American General prays of this Honorable Court as follows:

(a)   that this Court declare American General was entitled to rescind Policy No. 4199623086 and declare this Policy to be void *ab initio*; and

(b)   that American General receive such other relief as this Court deems just and proper.

DATED: June 30, 2020                                  Respectfully submitted,

*s/ Matthew I. Penfield*
Matthew I. Penfield
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel. (205) 719-0400
mpenfield@bressler.com
D.C. Bar No. AL0014

*Attorneys for Plaintiff*
*American General Life Insurance Company*